# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

WALLACE MITCHELL,

    *Petitioner*,

v.

LENNARD JOHNSON,

    *Respondent.*

No. 18-cv-3158 (DLF)

### MEMORANDUM OPINION

Petitioner Wallace Mitchell was sentenced in the Superior Court of the District of Columbia to twenty years to life imprisonment. *Mitchell v. United States*, 629 A.2d 10, 11 n.2 (D.C. 1993). On December 14, 2018, Mitchell mailed a petition for a writ of habeas corpus under 18 U.S.C. § 2241 from the District of Columbia's Central Detention Facility. *See* Pet., Dkt. 1. In response to a Show Cause Order, Dkt. 5, Respondent Lennard Johnson, Warden of the D.C. Jail, argued that the petition should be denied, *see* Resp't's Resp., Dkt. 9. On May 7, 2019, the Court directed Mitchell to file his reply, if any, by June 7, 2019. May 7, 2019 Order, Dkt. 10. Mitchell did not file any reply, and on August 14, 2019, the Court ordered supplemental briefing from both parties. Aug. 14, 2019 Order, Dkt. 12. Johnson responded on September 6, 2019, Resp't's Mem., Dkt. 15, but Mitchell again failed to respond in any way to the Court's Order. For the reasons that follow, the Court will deny his petition.

Mitchell alleges that, on November 19, 2018, he was placed, for an "indefinite" period of time, "in punitive segregation" with "no notice [or] opportunity to be heard." Pet. at 3. According to Mitchell, "the conditions in punitive segregation amount to solitary confinement [with] virtually no human contact." *Id*. at 8. He represents that, in punitive segregation, lights

continuously remain on, cells contain mold, no health care is provided, no outdoor recreation is permitted, and inmates lack access to running water and are required to wear handcuffs and leg irons when out of a cell. *Id*. at 8–9. Mitchell also claims that he cannot earn good-time credit, participate in programs, or meet with a case manager to arrange calls with an attorney. *Id*. at 8. Mitchell asserts that respondent denied him due process, *id*. at 7, and he demands an order "enjoin[ing] respondent from any segregation placements without due process," restoration of good-time credit, and his "return[] to the general population of the jail," *id*. at 9. He also seeks an evidentiary hearing "to create a record for review" and a ruling on whether his placements meet the mootness exception for claims that are "rep[e]titive, yet able to escape . . . review." *Id.*

Johnson asserts that the D.C. Jail "does not have an inmate housing status called 'punitive segregation.'" Carrington Decl. ¶ 9, Dkt. 9-6. It does, however, have "housing designated for inmates requesting or requiring protection from other inmates for reasons of health or safety." *Id.* ¶ 6; *see also* Inmate Disciplinary and Administrative Housing Hearing Procedures at 9, Dkt. 9-7 (describing "protective custody" as a "designation assigned to an inmate requesting or requiring protection"). According to Johnson, Mitchell was placed in protective custody on November 19, 2018, and he remained there until he was transferred to the general population unit on December 18, 2018. Carrington Decl. ¶¶ 5–8.

Johnson also disputes the majority of Mitchell's allegations regarding the conditions of protective custody. Resp't's Resp. at 3–4. For example, he explains, with citation to specific evidence, that inmates placed in protective custody have access to healthcare, legal services, running water, and lights that they may control. Denton Decl. ¶¶ 18–19. He also states that inmates may participate in two hours of recreation each day. *Id.* ¶ 19.

To begin, this action is moot because Mitchell is no longer in protective custody. "[E]vents have so transpired that [a] decision will neither presently affect the parties' rights nor have a more-than-speculative chance of affecting them in the future." *Reid v. Hurwitz*, 920 F.3d 828, 832 (D.C. Cir. 2019) (internal quotation marks omitted).

Mitchell invokes an exception to the mootness doctrine for cases that are "capable of repetition, yet evading review." *Id.* (internal quotation marks omitted). But that exception applies only when "(1) the challenged action is in its duration too short to be fully litigated prior to its cessation or expiration, and (2) there is a reasonable expectation that the same complaining party will be subject to the same action again." *Id.* at 832–33 (internal quotation marks omitted). Although the challenged action here is "in its duration too short to be fully litigated prior its cessation," Mitchell has not established that there is "a reasonable expectation that [he] will be subject to the same action again." *Id.* (internal quotation marks omitted). Despite multiple opportunities to submit supplemental briefing, *see* May 7, 2019 Order; Aug. 14, 2019 Order, Mitchell has not even alleged that he reasonably expects to be placed in protective custody again, let alone offered evidence in support of such an allegation. He has not, for example, provided any details about any previous confinements in administrative segregation or alleged with any specificity a policy or practice of subjecting him to administrative segregation. *Cf. id.* at 834 ("Having been placed in a [Special Housing Unit] in myriad different . . . institutions, subject each time to a restriction allegedly imposed under a purported [Bureau of Prisons] policy or practice contravening [Bureau of Prisons] regulations, Reid has proffered a logical theory that the challenged actions reasonably will recur despite his current transfer out of the [Special Housing Unit]."). Mitchell has therefore failed to establish that this case is capable of repetition, yet evading review.

The Court also notes, with respect to Mitchell's due process claim, that prisoners "d[o] not have a liberty interest in avoiding . . . placement in administrative segregation." *Neal v. District of Columbia*, 131 F.3d 172, 174 (D.C. Cir. 1997). Housing determinations are generally considered "commonplace judgments in the day-to-day management of prisons" and "do not give rise to liberty interests" unless "the prisoner is subjected to some extraordinary treatment." *Franklin v. District of Columbia*, 163 F.3d 625, 634–35 (D.C. Cir. 1998) (internal quotation marks omitted); *see also id.* at 635 n.8; *Hatch v. District of Columbia*, 184 F.3d 846, 856 (D.C. Cir. 1999) ("[A] deprivation in prison implicates a liberty interest protected by the Due Process Clause only when it imposes an atypical and significant hardship on an inmate in relation to the most restrictive confinement conditions that prison officials, exercising their administrative authority to ensure institutional safety and good order, routinely impose on inmates serving similar sentences." (internal quotation marks omitted)). In light of the record evidence here, the Court cannot conclude that either the 30-day duration or the conditions of Mitchell's segregation were extraordinary or atypical relative to the "comparative baseline" of other "confinement conditions that prison officials routinely impose." *Hatch*, 184 F.3d at 856; *see also Sandin v. Connor*, 515 U.S. 472, 486–87 (1995) (holding that 30 days in segregation "was within the range of confinement to be normally expected for one serving an indeterminate term of 30 years to life"); *Neal*, 131 F.3d at 173, 175 (finding no liberty interest in a 6-month administrative segregation for one serving 49 to 147 years).

Finally, Mitchell's demand for good-time credit must be denied. Mitchell argues that he has a statutory liberty interest in good-time credit arising "under the old, old law in effect at the time of his alleged crime," Pet. at 8, presumably referring to D.C.'s Good Time Credit Act of 1986 (GTCA), D.C. Code § 24-201.29 (repealed Aug. 20, 1994). Under the law of this Circuit,

however, individuals convicted of first-degree murder are not entitled to good-time credit under the GTCA. *See Poole v. Kelly*, 954 F.2d 760 (D.C. Cir. 1992) (per curiam) (denying habeas petitions challenging failure to award good time credit on the ground that the GTCA does not entitle persons sentenced for first-degree murder under the D.C. Code to credits); *see also Mitchell v. Johnson*, No. 17-cv-764, 2018 WL 4637361, at *1 n.1 (D.D.C. Sept. 27, 2018) (similar); *Mitchell*, 629 A.2d at 11 n.2 (affirming Mr. Mitchell's conviction for first-degree murder under the D.C. Code).

For these reasons, the Court denies the Mitchell's petition. A separate order accompanies this memorandum opinion.

*[signature]*
DABNEY L. FRIEDRICH
United States District Judge

September 17, 2019